## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH J. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:20-cv-00413-RJC |
| vs. | ) |
| | ) |
| M.H. MALUEG TRUCKING, CO., LLC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is the partial Motion to Dismiss (ECF No. 9) filed by M.H. Malueg Trucking Co., LLC ("M.H. Malueg" or "Defendant"). Defendant seeks dismissal of Count II of the Complaint (ECF No. 1-2, hereinafter "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion has been fully briefed and is ripe for disposition.

**I.     Factual Background & Procedural History**

This matter was removed from the Court of Common Pleas of Clarion County, Pennsylvania to this Court on March 24, 2020. 28 U.S.C. § 1441; 28 U.S.C. § 1332. The Complaint originally named two parties: MH Mulueg Trucking and Dazhong Zhuang and asserts claims sounding in negligence relative to an automobile accident that occurred on or about January 16, 2018, on Interstate 80 in Beaver Township, Clarion County, Pennsylvania, when Plaintiff's car was rear-ended by the tractor trailer driven by Zhuang. (Compl. at ¶¶ 3, 5, 7). On March 20, 2020, Plaintiff filed a Motion to Amend Caption to remove Defendant Dazhong Zhuang from the case and to correct the name of Defendant M.H. Malueg Trucking to

M.H. Malueg Trucking Co., LLC ("Malueg"). (ECF No. 1-2 at 17-21). The Parties filed a Stipulation in the Court of Common Pleas of Clarion County agreeing that Defendant Zhuang was the agent of Defendant M.H. Malueg. (ECF No. 1-2 at 37-40). The Caption was amended by this Court today, March 8, 2021. (ECF No. 16).

Plaintiff resides in Allegheny County Pennsylvania. (Compl. at ¶ 1).  M.H. Malueg is a Wisconsin  company. (Compl. at ¶ 3).  Plaintiff seeks an award of damages including medical expenses relative to injuries she allegedly sustained in the accident, some or all of which she alleges may be permanent in nature.  (Compl. at ¶¶ 13, 14).  Plaintiff also seeks to recover loss of earnings and future earning capacity. (Compl. at ¶ 15).  Plaintiff alleges that she has suffered severe physical pain, mental anguish, humiliation, and loss of enjoyment of life's pleasures, and that she will continue to suffer the same for an indefinite period of time into the future. (Compl. at 16).

Count I alleges M.H. Maleug was vicariously liable for the negligence of Zhuang.  Count II, which Defendant seeks to dismiss, alleges M.H. Maleug was negligent in  hiring, training, monitoring, and supervising Zhuang,  negligent in its failure to ensure Department of Transportation regulations were followed, and negligent in its failure to maintain a proper driving safety program for its drivers.  (Compl. at ¶ 26).

## II.     Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.

*U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.*  (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

**III. Discussion**

Defendant argues Count II should be dismissed because the parties have stipulated that on the day of the accident the driver, Zhuang, was M.H. Malueg's agent acting within the course and scope of his employment.  Under certain case law, such claims of direct corporate negligence are subject to dismissal when agency is admitted and plaintiff has not pled a basis for punitive damages. *Collins v. Tate*, No. 2:17-CV-00318-MJH, 2019 WL 3817570, at *5 (W.D. Pa. Aug. 14, 2019).

In *Sterner v. Titus Transportation*, a case involving an accident where one tractor trailer hit another, the court held "a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred." *Sterner v. Titus Transportation*, 2013 WL 6506591, at *4 (M.D. Pa. 2013) (quoting *Peterson v. Johnson*, No. 11 CV804, 2013 WL 5408532 at *1 (D. Utah Sept 25, 2013)). Pennsylvania District Courts have held that where an employer admits vicarious liability, direct negligence claims against the employer are generally dismissed. *See Sterner*, 2013 WL 6506591, at *4 (M.D. Pa. 2013); *Calhoun v. Van Loon*, 2014 WL 3428876 at *4 (M.D. Pa. Oct. 27, 2016) (noting that federal district courts in Pennsylvania have nearly unanimously applied the standard set forth in Sterner); *Testa v. Senn Freight Lines, Inc.*, 2016 WL 465459 (E.D. Pa. Dec. 12, 2013) (granting summary judgment on the claim of negligent hiring, training, supervision or retention of a tractor-trailer employer because it "becomes unnecessary, irrelevant, and prejudicial if the employer has already admitted vicarious liability under respondeat superior."); *Allen v. Fletcher*, 2009 WL 1542767 (M.D. Pa. 2009) (granting summary judgment for a claim of negligent hiring on part of a tractor-trailer employer, because "[a]s a general rule, courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant concedes an agency relationship with the codefendant ..."); *Holben v. Midwest Emery Freight System, Inc*., 525 F. Supp. 1224, 1224-1225 (W.D. Pa. 1981) (holding that with a negligence claim against a trucking company, "[n]othing can be gained from when the defendant employer has admitted the agency of the driver, and to permit the action to proceed ... would allow the introduction of evidence of prior accidents of the driver, highly prejudicial, irrelevant and inadmissible ...."). Further, a Plaintiff may not bring a direct negligence claim, against an employer, where Plaintiff does not

4

have a viable claim for punitive damages against the supervisor/employer defendant. *Sterner*, 2013 WL 6506591, at *4 (M.D. Pa. 2013); *Fortunato v. May*, No. 04–1140, 2009 WL 703393, at *5 (W.D. Pa. Mar.16, 2009) (Conti, J.) ("In this case, plaintiff did not assert a claim for punitive damages against the supervisor defendants, and the court will dismiss the negligent supervision and negligent entrustment claims.")

In response to Defendant's arguments, Plaintiff argues that the cases relied upon by Defendant, namely *Allen* and *Testa*, involved a decision on a motion for summary judgment, rather than a motion to dismiss, and that, in the absence of discovery, those decisions do not apply. Plaintiff further argues:

> Plaintiff did not at the time of filing her Complaint have the opportunity to find out all requisite evidence to support a well-founded, good faith claim for punitive damages, she did not do so. Plaintiff wished to avoid submitting what might turn out to be a groundless request for punitive damages where it was unclear that the claim would be appropriate. However, it is likely that, in the course of discovery, Plaintiff will learn that the customs and corporate practices of Defendants, including violations of Department of Transportation regulations, are so egregious as to merit punitive damages. Plaintiff would, at that juncture, request leave of this Court to amend the Complaint to include a claim for such damages.

(ECF No. 14 at 8). Thus, Plaintiff admits she has not pled facts sufficient to support a claim for punitive damages. Nor does she cite to any legal authority to support the argument that corporate negligence claims in commercial vehicle negligence actions can only be decided at summary judgment. Notably, the court in *Sterner* rejected Plaintiff's argument:

> Plaintiffs suggest that the decisions in *Allen*, *Achey*, and *Fortunato* are inapplicable here because those cases all resolved post-discovery motions for summary judgment. Plaintiffs' argument is unavailing. While those decisions all addressed the viability of the plaintiffs' direct negligence claims at summary judgment, it is irrelevant that Defendants' motion in this case was filed before the completion of discovery. What is significant about *Allen*, *Achey*, and *Fortunato* is not that those cases were decided after the parties engaged in discovery. Rather, it is that those decisions applied the majority rule and its well-recognized exception

for cases involving claims for punitive damages. And, in applying this rule and exception, once the employer/supervisor defendants admitted an agency relationship and no claims for punitive damages remained in the action (*either because they were not alleged* or since the supervisor/employer defendants were entitled to summary judgment on the punitive damages claims), the plaintiffs in those cases could no longer proceed with the direct negligence claims against the employer/supervisor defendants.

*Sterner*, 2013 WL 6506591, at *5 (emphasis added).

Here, Plaintiff has not claimed punitive damages, nor does she named any allegations that could serve as the predicate for punitive damages; and therefore, she may not pursue a direct negligence claim against M.H. Mulueg.  Accordingly, Count II will be dismissed.

### III.   Conclusion

For the reasons discussed above, the Court will grant the motion and Count II will be dismissed.  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: March 8, 2021

cc/ecf: All counsel of record